PEOPLE ORGANIZED FOR WELFARE AND EMPLOYMENT RIGHTS, a/k/a P.O.W.E.R., Walter Tunis and Clarence Propst, Plaintiffs,

v.

James R. THOMPSON, Governor of the State of Illinois; Jeffrey Miller, Director of the Illinois Department of Public Aid; E. Allen Bernard, Director of the Illinois Department of Labor; Michael LaVelle, Chairman and Commissioner of the Chicago Board of Elections; Corneal Davis and James R. Nolan, Commissioners of the Chicago Board of Elections, Defendants.

No. 82 C 7144.

United States District Court, N.D. Illinois, E.D.

March 23, 1983.

Jeffrey Gilbert, Thomas Johnson, Robert E. Lehrer, Legal Assistance Foundation of Chicago, Chicago, Ill., for plaintiffs.

Neil Hartigan, Atty. Gen., State of Ill., Barbara Greenspan, James O'Connell, Asst. Atty. Gen., Chicago, Ill., for State defendants.

Michael Levinson, Chicago Bd. of Election Com'rs, Chicago, Ill., for defendant Bd. and Bd. members.

## ORDER

BUA, District Judge.

Before the Court is the plaintiffs' Motion for an Award of Attorneys' Fees and Costs against the state defendants and the Chicago Board of Election Commissioners (the Board). For the reasons stated herein, the Motion is granted as against the state defendants and denied as against the Board.

Plaintiffs consist of the organization commonly known as P.O.W.E.R. and individual members therein. In anticipation of the February 22 mayoral primary held in the City of Chicago, P.O.W.E.R. sought to secure the right to register voters inside certain offices of the Illinois Department of Public Aid (IDPA) and the Illinois Department of Labor (IDOL). Because the State agencies refused to permit such on-site registration and because the Board therefore refused to certify such locations as "temporary places of registration" pursuant to Ill. Rev.Stat. ch. 46, § 6–50.3 (1981), P.O.W.E.R. filed the instant lawsuit under 42 U.S.C. § 1983.

On December 10, 1982, the Court entered a temporary restraining order invalidating the state's policy prohibiting on-site voter registration. Following the order, the Board agreed to approve plaintiffs' proposed sites as "temporary places of registration" and to provide registrars at each location. On December 20, 1982, the Court extended the temporary restraining order and on December 30, 1982, a preliminary injunction was entered. The registration drive ended on January 17, 1983 and, because they had obtained all of the relief which they had sought, plaintiffs moved to voluntarily dismiss the case pursuant to Fed.R.Civ.P. 41(a)(2). On January 19, 1983, the Court granted plaintiffs' motion and denied the defendants' request for entry of a final judgment. Plaintiffs now seek attorneys' fees and costs under 42 U.S.C. § 1988 as prevailing parties.

At this juncture, the state defendants do not challenge the plaintiffs' entitlement to attorneys' fees and costs if indeed the plaintiffs are prevailing parties.[1] Instead, the State defendants focus on the apportionment of the fees and costs between themselves and the Board.

1. The State defendants have appealed the Court's orders in the instant matter and have expressly refused to waive any objection on this issue in the event that the Court of Appeals upholds the orders of the Court.

**56**

■ The Court notes preliminarily that the plaintiffs in the instant lawsuit are prevailing parties under the statute as they have "essentially succeeded" in obtaining the relief sought. *Syvock v. Milwaukee Boiler Mfg. Co. Inc.,* 665 F.2d 149, 162–165 (7th Cir.1981). The absence of any final, permanent injunction is therefore inconsequential so long as the litigation can be said to have served as a catalyst in providing the plaintiffs with the relief sought. *Harrington v. DeVito,* 656 F.2d 264, 266–268 (7th Cir.1981). In the case at bar, the instant litigation served as such a catalyst.

■ It is by now well settled that, while an award of attorneys' fees lies within the discretion of the District Court, in the absence of special circumstances which would render an award of attorneys' fees unjust, fees should ordinarily be awarded to a prevailing plaintiff. *David v. Travisono,* 621 F.2d 464, 468 (1st Cir.1980); *Witherspoon v. Sieloff,* 507 F.Supp. 667, 668 (N.D.Ill.1981). That the award is sought by a legal services organization which furnishes its services without cost is inconsequential. *Dennis v. Chang,* 611 F.2d 1302 (9th Cir.1980). As plaintiffs can be said to have prevailed and as no special circumstances exist in the case at bar which would require the Court to deny fees, it is clear that the plaintiffs are entitled to an award of attorneys' fees under 42 U.S.C. § 1988. The only remaining question concerns the apportionment of the cost of the award between the state defendants and the Board.

The plaintiffs and the Board essentially argue that the State defendants should be held primarily, if not solely, responsible for payment of the award. It is their contention that the instant litigation was necessitated solely by the intransigence of the State in its failure to allow registration at the IDPA and IDOL offices and that the actions of the Board were merely in response to the State's position. Specifically, plaintiffs note that it was the State defend-

ants' policy which prohibited on-site voter registration that precipitated the controversy and that the State defendants consistently opposed all efforts to resolve this matter by agreement. Indeed, throughout the controversy, the Board appeared more than willing to accommodate any agreement reached by plaintiffs and the State defendants.[2]

When issued, the injunctive relief ordered bound not the Board but only the State defendants. While the Board did agree to such relief, it does not appear that by so doing the Board was effecting a change in its position. Instead, as had been the case throughout the course of the controversy, the Board merely reacted to the position and actions of the State defendants. Hence, when the State was ordered to allow registration in the various offices, the Board did its part by agreeing to designate the offices as "temporary places of registration" and to supply the necessary registrars.

■ The Court has the power, in its discretion, to apportion the cost of an award of attorneys' fees between two defendants or sets of defendants as it considers just. *Harrington v. DeVito,* 656 F.2d 264, 268–269. As it is the opinion of this Court that the instant lawsuit was required to catalyze only the actions of the State defendants and not those of the Board, the State defendants must be required to bear the entire burden of the cost of the award of attorneys' fees. Plaintiffs are therefore hereby awarded attorneys' fees in the amount of $13,297.75 plus any additional fees incurred in litigating the question of fees herein decided. *Bond v. Stanton,* 630 F.2d 1231 (7th Cir.1980). In addition, pursuant to 28 U.S.C. § 1920, the $60 fee required to file the instant suit shall be borne by the defendants. All amounts herein awarded shall be paid by the State defendants.

IT IS SO ORDERED.

2. The Board's sole bone of contention concerned the presence of certain partisan individuals on the plaintiffs' registration drive committee. As the Board's regulations preclude political activists from participation in voter registration drives, plaintiffs agreed to the removal of such individuals.